UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-459-CRS

CRYSTAL CONASTER-DYE                                                                                    PLAINTIFF

v.

SAM'S EAST, INC.                                                                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1446. Motion, DN 8. Defendant filed a Response opposing Plaintiff's motion. Response, DN 10. Plaintiff did not reply. For the reasons stated below, the Court will deny Plaintiff's Motion to Remand.

## BACKGROUND

On August 23, 2023, Plaintiff allegedly suffered injuries when she "fell on a pool of liquid" in Defendant's store. Motion, DN 8 at PageID# 62. Plaintiff states that on January 5, 2024, she mailed Defendant a demand letter for $120,000. *Id.* Defendant disputes that it ever received this demand letter. Response, DN 10 at PageID# 74.

On March 7, 2024, Plaintiff filed suit against Defendant in Nelson County Circuit Court. Complaint, DN 1-3. The complaint did not specify Plaintiff's damages. *Id.* On March 27, 2024, Defendant issued discovery requests for Plaintiff's medical expenses and the amount in damages Plaintiff was seeking. Interrogatories, DN 10-1 at PageID# 80-81. On July 12, 2024, Plaintiff submitted answers in which she listed $2,664.95 in past medical expenses and an "upcoming surgery" costing $35,000. *Id.* at PageID# 80. Plaintiff also stated that "[d]amages are ongoing and will be supplemented as bills and costs are incurred." *Id.* at PageID# 81.

On July 16, 2024, Defendant's counsel called Plaintiff's counsel to confirm that it was undetermined whether Plaintiff would be seeking damages in excess of $75,000. Motion, DN 8 at PageID# 63; Response, DN 10 at PageID# 73. Following that call, Defendant's counsel emailed Plaintiff's counsel to "memorialize [their] discussion that because it is unknown at this time whether Plaintiff will be seeking in excess of $75,000, exclusive of interests and costs at trial, [the] deadline to remove this case to federal court has not been triggered." Email, DN 10-2 at PageID# 83.

Around one week later, Defendant's counsel called Plaintiff's counsel to request a demand letter. Response, DN 10 at PageID# 73. Plaintiff's counsel responded that he sent a demand letter in January. *Id.* at PageID# 73-74. On July 26, 2024, Defendant's counsel stated via email to Plaintiff's counsel that he reviewed their file and could not find any demand letter. Email, DN 10-3 at PageID# 84. That same day, Plaintiff's counsel emailed Defendant's counsel an unsigned copy of a demand letter for $120,000 dated to January 5, 2024. Letter, DN 10-3 at PageID# 88-89. On August 8, 2024, Defendant removed this case to federal court. Notice of Removal, DN 1.

## **LEGAL STANDARD**

When considering a motion to remand, the Court looks to "whether the action was properly removed in the first place." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). 28 U.S.C. § 1441(a) permits a defendant to remove a civil action from state court to federal district court when that action could have been brought originally in federal district court. But federal district courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)) (internal quotation marks omitted). Therefore, if the Court lacks original subject matter jurisdiction over a removed action, it must remand that action to state court. 28 U.S.C. § 1447(c).

Here, Defendant asserts that the Court has subject matter jurisdiction based on diversity of citizenship. Notice of Removal, DN 1. Diversity jurisdiction exists in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). As the party invoking the federal forum, Defendant bears the burden of proving that the action meets the requirements of diversity jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

## **DISCUSSION**

Plaintiff does not dispute that diversity of citizenship exists or that the amount in controversy exceeds $75,000. Instead, Plaintiff argues that Defendant's removal was untimely and that Defendant constructively waived its right to remove. Motion, DN 8 at PageID# 62.

Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The statute further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

3

Plaintiff argues that while the amount in controversy was not ascertainable from her initial pleading alone, the demand letter for $120,000 she sent on January 5, 2024 constituted "other paper" that made it readily apparent she was seeking damages in excess of $75,000. Motion, DN 8 at PageID# 65. Plaintiff thus contends that removability was immediately ascertainable to Defendant upon receipt of the complaint in March of 2024. *Id.* Therefore, according to Plaintiff, Defendant's notice of removal in August of 2024 long exceeded the thirty-day clock for such action. *Id.* Defendant disputes that it ever received a demand letter in January. Response, DN 10 at PageID# 76..

Regardless of whether Defendant received a demand letter in January, such a letter would not constitute "other paper" for the purposes of the thirty-day clock. As another judge on this Court explained, § 1446(b) "naturally contemplates that the 'other paper' received by a defendant to clarify the complaint would arrive after the defendant receives the initial complaint in need of clarification . . . . 'The plain language of . . . § 1446(b) requires that if 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading.'" *Roesler v. Standard Fire Ins. Co.*, 2021 WL 3167234, at *3 (W.D. Ky. July 27, 2021) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)). Accordingly, Defendant's thirty-day clock did not begin when it received Plaintiff's complaint in March. Rather, the clock began when removability was made ascertainable by the demand letter Plaintiff sent on July 26, 2024. Defendant's notice of removal filed on August 8, 2024 was therefore timely.

Plaintiff also argues that even if "the Defendant's removal was timely, the Defendant waived its right to remove the case when it expressed intent to litigate this case in state court." Motion, DN 8 at PageID# 66. Plaintiff cites *Robertson v. U.S. Bank, N.A.* for the proposition that

4

"a defendant may constructively waive the right to remove by taking substantial action in state court that manifests a willingness to litigate on the merits." *Id.* at PageID# 64 (quoting 831 F.3d 757, 761 (6th Cir. 2016)). Plaintiff contends that such willingness by Defendant manifested when "Defendant allowed months to pass with the case in state court, propounded extensive discovery, retrieved medical records, and Plaintiff responded to said requests." *Id.* at PageID# 66.

The Court disagrees. Rather than manifesting willingness to litigate in state court, all of Defendant's pre-removal activities indicate an intent to ascertain removability. Two weeks after receiving the complaint, Defendant filed interrogatories requesting Plaintiff's medical expenses and the amount in damages she was seeking. Interrogatories, DN 10-1. Four days after Plaintiff filed her answers to the interrogatories, Defendant's counsel called Plaintiff's counsel to confirm that the amount in controversy was undetermined. Email, DN 10-2 at PageID# 83. Around one week later, Defendant requested a demand letter. Response, DN 10 at PageID# 73. Less than two weeks after receiving Plaintiff's demand letter, Defendant filed its notice of removal. Letter, DN 10-3; Notice of Removal, DN 1. Nothing in this sequence of actions suggests any constructive waiver of Defendant's right to remove.

For the reasons stated above, the Court will deny Plaintiff's Motion to Remand. A separate order will be entered this date in accordance with this memorandum opinion.

July 29, 2025

Charles R. Simpson III, Senior Judge
United States District Court

5